799 F.2d 992
 Lawrence R. ALBERTI, et al., Plaintiffs-Appellees,
v.
Johnny KLEVENHAGEN, Sheriff of Harris County, Texas, et al.,
Defendants,
Johnny Klevenhagen, Sheriff of Harris County, Texas, and
Harris County Commissioners Court, Defendants-Appellants.
 No. 85-2036.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 15, 1986.
 
 Roderick O. Lawrence, Lupe Salinas, Asst. Co. Attys., for Harris county.
 Mike Driscoll, Co. Atty., Houston, Tex., for Klevenhagen.
 James T. Oitzinger, Bruce V. Griffiths, Atty., Greater Houston Chapter of Am. Civil Liberties Union, Houston, Tex., for plaintiffs-appellees.
 Appeals from the United States District Court for the Southern District of Texas; Carl O. Bue, District Judge.
 Before BROWN, REAVLEY and HILL, Circuit Judges.
 ON SUGGESTION FOR REHEARING EN BANC
 (Opinion 6/4/86, 5th Cir., 1986, 790 F.2d 1220)
 PER CURIAM:
 
 
 1
 Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.
 
 
 2
 We write further, however, to clarify the portion of the majority opinion which dealt with the appointment of the plaintiffs' attorney as ombudsman. See Alberti v. Klevenhagen, 790 F.2d 1220, 1229-30 (5th Cir.1986). We adhere to our holding that, given the posture of this issue, no reversible error was shown on this record. However, we do not approve the appointment. It raises a serious question of the appearance of judicial propriety, one which a future panel of this court may well condemn in a better developed factual setting. However, as the ombudsman in this case has tendered his resignation to the district court, we need not address this issue any further. Moreover, the order of the district court which included the appointment of the ombudsman, entered in 1975, has never been appealed; the parties have never before raised, briefed, or argued this issue, either here or below. Accordingly, the majority opinion analyzed this issue to determine whether an actual conflict of interest existed, and concluded only that the record did not support the finding of such a conflict.